FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 NOV 27　PM 4:27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| L&S EQUIPMENT, INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 01-2781 |
| | * | |
| CRANES AND EQUIPMENT | * | SECTION "S" MAG. 2 |
| (U. S. TRADING), LTD., | * | |
| DAVID SYMON, | * | HON. MARY ANN VIAL LEMMON, J. |
| NORTH ATLANTIC SUPPLIES, LTD., | * | |
| MANITOWOC EUROPE LTD., | * | HON. JOSEPH C. WILKINSON, JR., M.J. |
| THE MANITOWOC COMPANY, INC., | * | |
| AND ABC INSURANCE COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION TO VACATE ENTRY OF DEFAULT BY CLERK OF COURT AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

**MAY IT PLEASE THE COURT:**

The plaintiff, L&S Equipment, Inc., in its opposition to the cross-motion of the defendant, David Symon, to vacate the entry of default against him by the clerk of court, contends that Mr. Symon's letter[1] to the court is not "an appearance" under Fed.R.Civ.P. Rule 55(b)(2). The plaintiff's contention is not supported by the documents submitted by the plaintiff attached to its

---

[1]　Attachment "A" to the defendant's cross-motion to vacate.

motion and the cases cited by the plaintiff in its opposition to the defendant's cross-motion to vacate. The defendant's letter in this case is an appearance within the meaning of the Rule, but the defendant was neither served with written notice, nor afforded a hearing before the entry of a default by the clerk of court.[2]

In his letter, defendant Symon states that he denies all the allegations contained in the documents (plaintiff's complaint) served upon him and that he does not accept any financial liability that may arise in the litigation. Mr. Symon wrote a second letter[3] to the court on behalf of his principal, North Atlantic Supplies, Ltd., formerly known as Cranes & Equipment (U. S. Trading), Ltd., dealing with the documents served upon that company. Both letters were dated the same day, February 20, 2002. Obviously, in the letter identified as Attachment "A" to the court, the defendant Symon was denying any liability alleged against him personally in the plaintiff's complaint.

The documents and contract between the plaintiff and defendant Cranes & Equipment (U. S. Trading), Ltd., attached to plaintiff's motion for entry of default judgment filed with the court, show that defendant Symon was acting only in his representative capacity of that corporation. The contract and papers attached to the plaintiff's motion for default judgment clearly indicate that the defendant has a meritorious defense on the grounds that he was not acting

---

[2] The mailing of entry of default by the clerk of court does not meet the requirement of Rule 55(b)(2) when the defendant has made an appearance. The Rule states:
> "If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

[3] Attachment "B" to the defendant's cross-motion to vacate.

2

individually or personally but only as the representative of Cranes & Equipment authorized to sign the contract on its behalf.[4]

The contract states that Cranes & Equipment is a corporation recognized and existing under the laws of the United Kingdom and the owner of the five Manitowoc crawler cranes that are the subject of the contract. This contract shows that the defendant Symon signed it as a representative of Cranes & Equipment and not individually or on his own behalf. The defendant is not a party to the contract and did not assume any personal liability for any breach of contract or failure to perform under the contract.

The defendant submits that he has demonstrated that the outcome of the plaintiff's lawsuit against him personally may be different than if the default judgment is allowed to stand. Further, the setting aside of the entry of default would not prejudice the plaintiff. There is nothing presented to show that the defendant's failure to file an answer in accordance with Fed.R.Civ.P. Rule 12 was willful. In fact, in his letter to the clerk of court, defendant requested that he be advised what action he should take to formally protect his position of denying any financial liability in this action. See Goldstein v. Gordon, 2000 U.S. Dist. LEXIS 3348 (N.D. Tex. 2002); Lacy v. Sitel Corporation, 227 F.3d 290 (5th Cir. 2000); see also General Electrical Capital Corp. v. Arnoult, 2002 U.S. Dist. LEXIS 872 (E.D. La.).

The cases cited by the plaintiff are inapposite to this case. In Rogers v. Hartford Life and Accident Insurance Company, 167 F.3d 933 (5th Cir. 1999), relied upon by the plaintiff, the court

---

[4] See Exhibits "A" (contract between Cranes and Equipment (US Trading), Ltd. and L & S Equipment, Inc.) and "B" (affidavit of Jack Wershbale, general manager of L&S Equipment, Inc., particularly paragraph 6 where he states that the plaintiff's claims are against Cranes & Equipment).

found that neither acceptance of service nor waiver of service constitutes an appearance for the purpose of Fed.R.Civ.P. Rule 55(b)(2). In the instant case, the defendant Symon's letter to the clerk of court clearly satisfies the test to trigger the Rule because the letter gives the plaintiff a clear indication that the defendant intends to pursue a defense and is responsive to the plaintiff's claim of personal liability on this defendant.

In the case of Galan v. Gegenheimer, 1992 U.S. Dist. LEXIS 15708 (E.D. La.), relied upon by the plaintiff, a default judgment was entered by the Bankruptcy Judge. The Judge found that a letter written by the defendant was to explain his absence from a status conference, and that he would not be able to attend any such conferences in the near future. The Judge found that the defendant never stated that he intended to file an answer or otherwise address the allegations in Gegenheimer's complaint, and that his letter was not at all responsive to the plaintiff's formal action. This, of course, is not true in the instant case.

## CONCLUSION

The defendant submits that it would not be an abuse of the Court's discretion to vacate the entry of default by the clerk of court. Further, the defendant submits that the plaintiff is not entitled to a default judgment as a matter of right, even where the defendant technically may not have complied with the Rule for filing formal pleadings in the record. Defendant Symon has made an appearance in this case by his letter to the court. The letter clearly indicates that he intends to pursue a defense and that it is responsive to the plaintiff's complaint of personal liability against the defendant. Accordingly, it would not be an abuse of the Court's discretion to deny the plaintiff's motion for a default judgment.

Respectfully submitted,

**TAGGART, MORTON, OGDEN, STAUB, ROUGELOT & O'BRIEN, L.L.C.**

By: _____
Eugene G. Taggart, T.A. (#12627)
Dionne L. Celestine (#24341)
2100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501

**ATTORNEYS FOR DEFENDANT, DAVID SYMON**

5

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a copy of the above and foregoing: Response to Plaintiff's Opposition to Defendant's Cross-Motion to Vacate Entry of Default by Clerk of Court and Reply to Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Entry of Default Judgment has been served on counsel for plaintiff by hand delivery, and on counsel for defendants by facsimile and by mailing same, postage pre-paid and properly addressed to:

> Gary A. Hemphill
> Jason A. Schoenfeld
> Terriberry, Carroll & Yancey, L.L.P.
> 3100 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163-3100
> Telephone: (504) 523-6451
> Facsimile: (504) 524-3257
>     Attorneys for plaintiff, L&S Equipment, Inc.

> Pauline F. Hardin
> Jones Walker
> 201 St. Charles Avenue
> 49th Floor
> New Orleans, LA 70170
> Telephone: (504) 582-8000
> Facsimile: (504) 582-8011
>
> and

6

Michael E. McCann
W. Stuart Parsons
Quarles & Brady
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497
Telephone: (414) 277-5000
Facsimile: (414) 271-3552

> Attorneys for defendants,
> Manitowoc Europe, Ltd. and
> The Manitowoc Company, Inc.

New Orleans, Louisiana, this 22nd day of November 2002.

_____